**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| JESSICA RICHELLE SHANKLIN, | |
| Plaintiff, | |
| -vs- | CASE NO. |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, LVNV FUNDING LLC, and I.C. SYSTEM, INC., | |
| Defendants. | |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, JESSICA RICHELLE SHANKLIN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), LVNV FUNDING LLC (hereinafter "LVNV"), and I.C. SYSTEM, INC. (hereinafter "ICS") (hereinafter collectively "Defendants"), and in support thereof

respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

2

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURSIDICATION, VENUE, AND PARTIES

6.     The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Lee County, Florida, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

3

11.   Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

12.   Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.   Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.   Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.   Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.   Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through

4

its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    LVNV is a corporation with its principal place of business in the State of South Carolina and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

20.    LVNV is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.    LVNV furnished information about Plaintiff to the CRAs which was inaccurate.

22.    ICS is a corporation with its principal place of business in the State of Minnesota and is authorized to do business in the State of Florida through its

registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

23.    ICS is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2

24.    ICS furnished information about Plaintiff to the CRAs which was inaccurate.

## **FACTUAL ALLEGATIONS**

25.    Plaintiff is alleged to owe a debt to LVNV, partial account number ending x9304, as to a collection account on behalf of original creditor Credit One Bank (hereinafter "LVNV Account"). Plaintiff does not have an account with Credit One Bank and never applied or gave permission to anyone to apply using her information for the LVNV Account.

26.    Plaintiff is alleged to owe a debt to ICS, partial account number 154150***, as to a collection account on behalf of original creditor Florida Power and Light (hereinafter "ICS Account"). Plaintiff does not have an account with Florida Power and Light and never applied or gave permission to anyone to apply using her information for the ICS Account.

27.    In or about July 2022, Plaintiff applied for an automobile loan. As required by the application process, Plaintiff's credit file was reviewed to

determine eligibility. To Plaintiff's surprise, her application was denied due to her past credit history dating back to 2015, at which time Plaintiff was a minor and only twelve (12) years old.

28.     On or about July 27, 2022, Plaintiff filed a police report with the Suwannee County Sheriff's Office regarding the fraud and identity theft.

29.     After unsuccessful attempts to dispute the fraudulent accounts directly with the creditors, on or about November 15, 2023, Plaintiff filed another police report with the Lee County Sheriff's Office regarding the fraud and identity theft.

30.     In or about January 2024, Plaintiff reviewed her credit reports and observed the erroneous LVNV Account and ICS Account.

31.     In or about January 2024, Plaintiff contacted Experian and Trans Union to dispute the LVNV Account and ICS Account and advised the aforementioned accounts did not belong to her.

32.     Plaintiff did not receive dispute results from Experian. However, upon review of her updated Experian credit report, Plaintiff observed the LVNV Account and ICS Account continued to be reported each with a comment which stated, "Account info disputed by consumer (Meets requirements FCRA)".

33.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

34.    Experian never attempted to contact Plaintiff during the alleged investigation.

35.    Upon information and belief, Experian notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

36.    Upon information and belief, Experian notified ICS of Plaintiff's dispute. However, ICS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

37.    Plaintiff did not receive dispute results from Trans Union. However, upon review of her updated Trans Union credit report, Plaintiff observed the LVNV Account and ICS Account continued to be reported each with a comment which stated, "Account info disputed by consumer (FCRA)".

38.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

39.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

40.    Upon information and belief, Trans Union notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

41.    Upon information and belief, Trans Union notified ICS of Plaintiff's dispute. However, ICS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

42.    On or about February 29, 2024, Plaintiff obtained copies of her credit reports. Upon review, Plaintiff observed personal identifying information, including names, addresses, phone numbers, and employer information which was incorrect and did not belong to her. Further, Plaintiff observed the LVNV Account continued to be reported with a status of collection and balance of $1,997. Additionally, the ICS Account continued to be reported with a status of collection and balance of $221. Finally, MoneyLion, Inc., partial account number LLI433****, was reported with a status of closed and balance of $735 written off (hereinafter "MoneyLion Account").

43.     On or about March 7, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 170224864. In this Report, she explained that she is a victim of identity theft and that erroneous and fraudulent accounts which did not belong to her were listed in her credit report.

44.     Due to the inaccurate reporting, on or about March 7, 2024, Plaintiff submitted online a detailed dispute letter to Equifax and Experian, and on or about March 14, 2024, to Trans Union, regarding the inaccurate reporting. In the letter, Plaintiff explained incorrect personal identifying information was appearing in her credit file. Further, Plaintiff explained the LVNV Account, ICS Account, and MoneyLion Account did not belong to her. In the letter, Plaintiff included an image of her driver's license and Social Security card as proof of identity. Plaintiff also included images of the erroneous reporting, images of the Suwannee County Sheriff's Office police report, images of the Lee County Sheriff's Office police report, and images of the filed FTC Identity Theft Report.

45.     On or about March 8, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating her date of birth had been updated. Equifax did not provide dispute results as to the erroneous accounts. However, Equifax did provide an updated credit report. Upon review, Plaintiff observed the LVNV Account continued to be reported with a comment which indicated the account

had been disputed and verified as accurate. Additionally, the MoneyLion Account continued to be reported. Lastly, Plaintiff observed the ICS Account was no longer being reported.

46.     Further, on or about April 22, 2024, Plaintiff called Equifax and spoke to a representative who stated the LVNV Account was verified as accurate.

47.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

48.     Equifax never attempted to contact Plaintiff during the alleged investigation.

49.     Upon information and belief, Equifax notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

50.     On or about March 26, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the inaccurate personal identifying information had been updated and/or removed. Further, the erroneous LVNV Account, ICS Account, and MoneyLion Account were deleted.

51.     Plaintiff did not receive dispute results from Trans Union. However, upon review of her updated Trans Union credit report on or about April 17, 2024,

Plaintiff observed the erroneous LVNV Account and ICS Account continued to be reported each with a comment which indicated they were previously disputed and verified as accurate. Further, Plaintiff observed the MoneyLion Account also continued to be reported.

52.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

53.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

54.    Upon information and belief, Trans Union notified LVNV of Plaintiff's dispute. However, LVNV failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

55.    Upon information and belief, Trans Union notified ICS of Plaintiff's dispute. However, ICS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

56.    Despite Plaintiff's best efforts to have the erroneous reporting removed, Equifax and Trans Union continued to report the fraudulent and

unauthorized account(s) to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

57.    Equifax and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

58.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

59.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

  i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

  ii.    Loss of time attempting to cure the error(s);

  iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error(s);

  iv.    Denial of loan application;

13

v.      Apprehensiveness to apply for credit due to the fear of rejection; and

vi.     Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Equifax Information Services LLC (Negligent)

60.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

61.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

63.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

64.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Suwanee County Sheriff's Office police report, Lee County Sheriff's Office police report, and FTC Identity Theft Report, which contained sworn testimony of the fraud.

65.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

66.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

67.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## <u>COUNT II</u>
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Willful)**

68.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

69.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

70.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

71.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

72.     Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Suwanee County Sheriff's Office police report, Lee County Sheriff's Office police report, and FTC Identity Theft Report, which contained sworn testimony of the fraud.

73.   As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

74.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

75.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT III**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services LLC (Negligent)**

76.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

77.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

78.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

79.   As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

80.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

81.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services LLC (Willful)

82.    Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

83.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter

and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

84.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

85.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT V
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Experian Information Solutions, Inc. (Negligent)**

88.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

89.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

90.   Experian allowed for Furnisher(s) to report inaccurate information on an account.

91.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

21

92.    As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

93.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

94.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Willful)

95.     Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

96.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

97.     Experian allowed for Furnisher(s) to report inaccurate information on an account.

98.     Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

99.     As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

100.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

101.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

102.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

103.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter

and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

104.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

105.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

107.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Willful)

108.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

109.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

110. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Experian refused to conduct any independent investigations into

Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

111.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

112.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

113.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Trans Union LLC (Negligent)

114.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

115.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

116. Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

117.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

118.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Suwanee County Sheriff's Office police report, Lee County Sheriff's Office police report, and FTC Identity Theft Report, which contained sworn testimony of the fraud.

119.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to

benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

121.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT X
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Trans Union LLC (Willful)

122.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

123.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

124.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

125.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

126.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the Suwanee County Sheriff's Office police report, Lee County Sheriff's Office police report, and FTC Identity Theft Report, which contained sworn testimony of the fraud.

127.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

129.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT XI
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Trans Union LLC (Negligent)**

130.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

131.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter

31

and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know Is unreliable.

132. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

133. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

134. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

135. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Willful)

136.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

137.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

138. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent reporting, upon information and belief, Trans Union refused to conduct any independent investigations into

Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

139.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

141.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XIII
## Violation of 15 U.S.C. § 1681s-2(b)
## as to Defendant, LVNV Funding LLC (Negligent)

142. Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

143. LVNV furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

144. After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

145. Plaintiff provided all the relevant information and documents necessary for LVNV to have identified that the account was fraudulent.

146. LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow

procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

147.  LVNV violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

148.  As a direct result of this conduct, action and/or inaction of LVNV, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

149.  The conduct, action, and inaction of LVNV was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

150.  Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual damages against Defendant, LVNV FUNDING LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

### COUNT XIV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, LVNV Funding LLC (Willful)

151.  Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

152.  LVNV furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

153.  After receiving Plaintiff's disputes, LVNV violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

154.  Plaintiff provided all the relevant information and documents necessary for LVNV to have identified that the account was fraudulent.

155.   LVNV did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LVNV by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

156.   LVNV violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

157.   As a direct result of this conduct, action and/or inaction of LVNV, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

158.   The conduct, action, and inaction of LVNV was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

159.   Plaintiff is entitled to recover costs and attorney's fees from LVNV in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, LVNV FUNDING LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

**COUNT XV**
**Violation of 15 U.S.C. § 1681s-2(b)**
**as to Defendant, I.C. System, Inc. (Negligent)**

160.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

161.   ICS furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

162.   After receiving Plaintiff's disputes, ICS violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing

to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

163.   Plaintiff provided all the relevant information and documents necessary for ICS to have identified that the account was fraudulent.

164.   ICS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to ICS by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

165.   ICS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

166.   As a direct result of this conduct, action and/or inaction of ICS, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial

loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

167.   The conduct, action, and inaction of ICS was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

168.   Plaintiff is entitled to recover costs and attorney's fees from ICS in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual damages against Defendant, I.C. SYSTEM, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## COUNT XVI
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, I.C. System, Inc. (Willful)

169.   Plaintiff re-alleges and reincorporates paragraphs one (1) through fifty-nine (59) as if fully stated herein.

170.   ICS furnished inaccurate account information to the CRAs, and through those CRAs to all of Plaintiff's potential lenders.

171. After receiving Plaintiff's disputes, ICS violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

172. Plaintiff provided all the relevant information and documents necessary for ICS to have identified that the account was fraudulent.

173. ICS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to ICS by Plaintiff in connection with her disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

174. ICS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

175.   As a direct result of this conduct, action and/or inaction of ICS, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

176.   The conduct, action, and inaction of ICS was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

177.   Plaintiff is entitled to recover costs and attorney's fees from ICS in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, I.C. SYSTEM, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JESSICA RICHELLE SHANKLIN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, LVNV FUNDING LLC, and I.C. SYSTEM, INC., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 29th day of April 2024.

Respectfully Submitted,

**_/s/ Octavio Gomez_**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@TheConsumerLawyers.com

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859

The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*